HARRINGTON, Respondent, vs. PRIEST, Appellant.

*September 29 — October 20, 1899.*

*Instructions to jury: Burden of proof.*

In an action to recover for dental services, in which the answer alleged that the services were so unskilfully and negligently performed as to be worthless, and also set up a counterclaim for damages by reason of such unskilful work, the trial court, in charging the jury as to the burden of proof on the question whether the work was or was not skilfully done, made inconsistent statements which failed properly to distinguish between the two issues presented and must have confused the jury. *Held,* a material error.

APPEAL from a judgment of the circuit court for Outagamie county: JOHN GOODLAND, Circuit Judge. *Reversed.*

The plaintiff brought this action to recover for dental services rendered to the defendant, alleged to have been of the reasonable value of $250. The defendant answered that such services were so improperly, unskilfully, and negligently performed as to be worthless,. and in his counterclaim alleged that by reason of such negligent and unskilful work he was damaged in the amount of $1,000. The jury returned a verdict for the plaintiff for $228.30.   A motion for a new trial was denied, and from the judgment entered upon the verdict the defendant appeals.

For the appellant there was a brief by *G. H. Dawson* and *Humphrey Pierce,* and oral argument by *Mr. Pierce.*

*A. A. Nugent,* for the respondent.

BARDEEN, J.   The complaint alleges that the plaintiff performed certain dental services for the defendant, which were reasonably worth $250.   The answer denies that such services were worth that amount, and alleges that they were so negligently and unskilfully performed as to be entirely worthless.   Here was presented a plain and simple issue.   The burden of proving that the services rendered were performed with reasonable skill, and were worth the sum mentioned, was upon the plaintiff.   Upon this point the court charged the jury as follows: " The burden of proof, so far as this case is concerned, rests upon the plaintiff to establish his side by a fair preponderance of the evidence, which is sometimes called the down weight of the evidence.   If you find from the testimony, as I say, that the plaintiff did this work in a reasonably careful and skilful manner,— in such manner as dentists of ordinary standing or good standing in this community or this vicinity would have done it,— and that the price he has charged is a reasonable price, then you should return a verdict in favor of the plaintiff for the full amount claimed."   This was a proper charge under the issues so far presented.   But the defendant set up a counterclaim in which he alleged that he had been damaged in the sum of $1,000 by reason of plaintiff's unskilful and negligent work.   The defendant thus assumed an aggressive attitude, and presented an affirmative issue.   In order to recover upon his counterclaim, the burden was clearly upon him to show that he had been damaged by reason of the plaintiff's negligent and unskilful work.   The trial court, however, seems to have failed to grasp the situation.   Immediately following the charge quoted, he makes the following statement to the jury: " If, on the other hand, you find from the evidence, and there the burden of proof rests upon the defendant in establishing the fact that the work was improperly done, it is necessary for the defendant to satisfy you of that by a fair preponder-

ance of the evidence; as I say, on that branch of the case the burden of proof rests upon the defendant. So that if you are satisfied from the evidence, by a fair preponderance of the evidence, that the plaintiff did the work in an unskilful and negligent manner, and did it in such a way as it would not have been done by a dental practitioner in good standing in this vicinity, and the work was not as good as it should have been under that rule, then it will be your duty to determine the amount of difference caused by such unskilfulness and negligence or want of care."

This must have left the jury in the utmost confusion. In the one place he tells them, in effect, that the burden is upon the plaintiff to show that he performed the services sued for in a reasonably skilful and careful manner, and that they were reasonably worth the sum charged therefor. These matters were directly put in issue by the defensive allegations of the answer. Confessedly, the plaintiff had the laboring oar, and, if the evidence of the defendant was of equal weight with that of plaintiff, the latter could not recover. There was no burden upon defendant to show affirmatively that such services were negligently or unskilfully performed, or that they were not worth the sum claimed. If his evidence in defense left the issue in doubt or uncertainty, the plaintiff could not recover. But in the next breath the court tells the jury that the burden rests upon the defendant "in establishing the fact that the work was improperly done." Under the circumstances this certainly could not be true. The inconsistency of the two statements is too apparent to require argument. When it came to the question of *damages* under the counterclaim, the defendant could not secure a recovery except that he established a claim therefor by the preponderance of the evidence. The court failed to properly distinguish between the two issues presented, and the jury were left to wander in the realms of doubt and speculation. This was distinct error,

for which the judgment must be reversed. The errors alleged as to the improper admission of testimony are too unsubstantial to require comment.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded for a new trial.